**STATE of Maine**

v.

**Paul G. BERNIER.**

Supreme Judicial Court of Maine.

Argued May 9, 1984.

Decided Jan. 8, 1985.

Kevin Regan, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Fales & Fales, P.A., Stephen B. Wade (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, Paul G. Bernier, appeals from a judgment of conviction entered in Superior Court, Oxford County, upon a jury verdict finding him guilty of trafficking in hashish, a schedule X drug, in violation of 17–A M.R.S.A. § 1103 (1983). On appeal, he contends that at his trial certain opening remarks by the prosecutor concerning inadmissible hearsay evidence deprived him of a fair trial; and that the presiding justice erred (a) in refusing to permit defense counsel to conduct the jury voir dire pursuant to 15 M.R.S.A. § 1258–A (1980) and (b) in stipulating as a condition of probation that the Defendant and his residence could be searched at any time without probable cause.

We affirm the judgment of conviction, finding no merit in the Defendant's first two contentions and being equally divided on the third.

Along with one John R. Waite, the Defendant was indicted on two counts of unlawful trafficking for allegedly participating in the sale of hashish to Raymond Gagner, an undercover police officer, on June 30, 1982, and again on July 7, 1982, in Canton. The trial of the two men was

severed on a motion by this Defendant for relief from prejudicial joinder. At the Defendant's trial, the State attempted to prove that although Gagner actually delivered the cash to, and received the hashish from, John Waite, it was this Defendant who on both occasions supplied the drugs to Waite.

On the morning of trial, at a bench conference, the court had denied a request by the Defendant's counsel pursuant to M.R. Crim.P. 24(a) to conduct the jury voir dire. The presiding justice concluded that there was "nothing peculiar or unusual" about the trial to warrant such deviation from the normal procedure; instead he elected to examine the jurors himself, relying in large part on the questions proposed by defense counsel.

Counsel for the State told the jury in his opening statement that when Gagner went to Canton "for the purpose of seeing whether or not he could purchase drugs from someone in that area," he was *"in fact referred to a Mr. Paul Bernier and a Mr. John Waite."* (Emphasis added). Defense counsel immediately moved for a mistrial and, in the alternative, for a curative instruction on the grounds that this was inadmissible hearsay. The presiding justice denied both motions, noting, first, that he would cure the error by later instructing the jury that statements of counsel are not evidence; and, second, that defense counsel would be free in his closing argument to comment upon any statements made by the State's attorney that were never substantiated at trial.

The jury returned a verdict finding the Defendant guilty on both counts. The presiding justice sentenced the Defendant to three years at the Maine Correctional Center with all but 120 days suspended; he then placed the Defendant on probation for two years, subject to the condition that a probation officer, or other law enforcement officer assisting or acting under the direction of a probation officer,

"shall at any time during the term of his probation have the right to search def. [sic], or any motor vehicle which he may be present in, his personal property and the entire premises of his residence or place of abode ... without probable cause or consent."

The Defendant promptly appealed to this Court, challenging both the sentence and the judgment of convictions.

 Turning to his first issue, in the opening statement to the jury an attorney should attempt only to set the stage for the trial. The opening statement is not an argument; rather it is an opportunity to identify the issues and to outline the facts which the attorney expects to establish in the course of the trial. *See Wharton's Criminal Procedure* § 493 at 377 (12th ed. 1975). It is improper for an attorney to refer to any testimony or to assert any facts in his opening statement unless, in good faith, he reasonably believes that supporting evidence will be offered and admitted at trial. *Id.* at 379; *see also State v. Northup,* 318 A.2d 489, 494 (Me.1974); ABA Standards Relating to the Prosecution and Defense Function § 5.5 (1971). Even if an improper comment is made by a prosecutor, reversal of the judgment of conviction, however, is warranted only upon a showing of substantial prejudice to the defendant. *State v. Gordon,* 321 A.2d 352, 363 (Me.1974).

 Here, the prosecutor's statement that Gagner was "in fact referred to" the Defendant could be proven directly only if he had the informer available as a witness or by the proferring of hearsay which the prosecutor, in good faith, should have known would be inadmissible. The statement, therefore, constituted improper prosecutorial conduct. However, reviewing the record in its entirety, we do not find the misconduct so prejudicial as to have deprived the Defendant of a fair trial.[1] The

---

1. *Compare State v. Colomy,* 407 A.2d 1115, 1118–19 (Me.1979) (court found no prejudice

resulting from prosecutor's repeated use in opening statement of expression "we know" as

State did introduce circumstantial evidence to support the prosecutor's statement. Additionally, the presiding justice carefully instructed the jury to disregard statements of counsel and to consider only the testimony and exhibits actually introduced at trial. Although these instructions should have been given immediately, we conclude that, when given, these instructions were sufficient to cure the error, and that the Superior Court did not abuse its discretion, therefore, in refusing to grant a mistrial.

Adverting to his second issue, we are similarly unable to find any prejudice to the Defendant resulting from the Superior Court's refusal to allow defense counsel to conduct the jury voir dire. Our statute ordains that the trial court "shall permit voir dire examination to be conducted by the parties or their attorneys under its direction." 15 M.R.S.A. § 1258–A (1980). *See State v. Rancourt*, 435 A.2d 1095, 1099 (Me.1981).

■ In the case at bar, however, the presiding justice incorporated in his own examination virtually all of the questions proposed by the Defendant's counsel, albeit in a slightly different form.[2] He then chose to ask counsel for both parties whether they had any additional questions. Defense counsel responded by suggesting only that inquiry be made concerning hearing or visual disabilities. He made no objections to the procedure followed nor did he again attempt to invoke 15 M.R.S.A. § 1258–A. The Court complied with his request, and thus the voir dire examination ended. There is no indication in the record that the jurors in this case were biased or that the Defendant was unfairly prevented from asking specific questions that might have revealed potential prejudice. If there was error in not following the statute just cited, it was harmless. The mere circum-

stance of having the questions put to the jurors by the presiding justice, instead of by defense counsel, does not, without more, constitute prejudicial error warranting reversal of the judgment of conviction.

■ Finally, we come to the Defendant's third assignment of error, his contention that the justice erred in stipulating as one condition of the Defendant's probation:

> Probation officer or other law enforcement officer acting at direction of or assisting probation officer shall at any time during the term of his probation have the right to search def., or any motor vehicle which he may be present in, his personal property and the entire premises of his residence or place of abode. Said search may be without probable cause or consent.

On this issue the members of this Court are evenly divided, and, accordingly, upon this assignment of error the judgment below is affirmed by an evenly divided Court.

The entry is:

Judgment of conviction affirmed.

All concurring.

---

opposed to "the State will attempt to prove"); *State v. Gordon*, 321 A.2d at 363 (prosecutor's statement that he intended to call particular witness convicted of the same crime was not considered unduly prejudicial even though witness never testified at trial).

**2.** The only proposed question which the court refused to ask concerned prior discharge from jury service. Another question relating to jurors' affiliation with members of the police department, sheriff's office, or district attorney's office was adequately addressed in a different form.