**STATE of Maine**

v.

**Donald AMMERMAN.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1991.
Decided Feb. 25, 1991.

R. Christopher Almy, Dist. Atty., David W. Gray, Asst. Dist. Atty., Bangor, for plaintiff.

Wayne R. Foote, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

BRODY, Justice.

Donald Ammerman appeals from judgments entered by the Superior Court (Penobscot County, *Smith, J.*) following his convictions on charges of rape, 17–A M.R.S.A. § 252 (1983), gross sexual misconduct, 17–A M.R.S.A. § 253(1)(A) (1983 & Supp. 1990), and burglary, 17–A M.R.S.A. § 401(1) and (2)(B) (1983). Ammerman contends that the prosecutor knowingly misrepresented evidence to the jury in his opening remarks and made inappropriate comments in his closing argument thereby prejudicing Ammerman's right to a fair trial. We affirm the judgments.

Ammerman's convictions arose out of an incident in which a woman was attacked in her Bangor apartment by a man she recognized as "Don," a maintenance man in her building. The assailant entered the victim's apartment with a key. Police recovered several items of evidence from the

apartment including a piece of cotton clothesline rope.

■ Even though the victim was able to identify Ammerman as her assailant at trial, the prosecutor stressed the importance of the cotton clothesline rope as circumstantial evidence linking Ammerman to the crime. On appeal, Ammerman's first contention is that the evidence produced at trial fails to establish such a link and that his case was prejudiced by the prosecutor's opening remarks.[1]

■ Our review of the record indicates that the prosecutor's opening statement was entirely proper. An opening statement should set the stage for trial giving the attorney for each side an opportunity to identify the issues and outline the facts he expects to establish during the course of trial. *State v. Bernier*, 486 A.2d 147, 149 (Me.1985). In an opening statement, it is improper for a prosecutor to refer to any testimony or to assert any facts unless, in good faith, he reasonably believes that supporting evidence will be offered and admitted at trial.[2] *Id.* In support of the prosecutor's opening statement explaining the link that the State sought to prove, the State offered State's Exhibit 15 and produced testimony from a police officer identifying it as a piece of cotton clothesline rope found in the victim's apartment. The victim testified that it had not been there prior to the crimes. The State then produced testimony from Ammerman's employer, Paul Gervasio, that Ammerman had access to his Chevrolet pick-up truck and that the truck contained not only the keys to the victim's apartment but also a long piece of cotton clothesline rope. Gervasio further testified that soon after the date of the crimes he loaned some rope from the back of his truck to an acquaintance, Christopher Rennebu, but recovered it and gave it to a Bangor Police Department detective. The State then produced testimony from Rennebu that he returned the same piece

of rope given to him by Gervasio. The detective was able to identify State's Exhibit 21 as the same piece of rope he received from Gervasio. Finally, the State presented testimony from a forensic chemist who performed a microscopic comparison of Exhibits 15 and 21 and concluded that they were at one time part of the same piece of rope. We conclude that the prosecutor acted reasonably and in good faith in explaining in his opening statement that, in addition to the victim's identification testimony, the rope could be used to link Ammerman to the crimes.

■ Ammerman also challenges the propriety of the prosecutor's closing remarks. He contends that the remarks disparaged the defense strategy and that the court erred in declining his request for a curative instruction.

■ Although the prosecutor may attack the sufficiency of the evidence supporting a defense, the prosecutor is not at liberty to disparage the defense strategy or to suggest in closing remarks that the defense is mere subterfuge employed by the defendant to evade responsibility for his acts. *State v. McDonald*, 472 A.2d 424, 425–26 (Me.1984). At trial, Ammerman's defense strategy was to suggest that Gervasio was responsible for the crimes. In his closing remarks, the prosecutor challenged the defense as follows:

> [L]adies and gentlemen, when you really get to the root of what was just said to you, he's asking you to believe that somebody else, who was not identified at all, who doesn't look anything like the defendant, committed this crime.... How does that strike your sense of justice? We would suggest to you ladies and gentlemen, that your sense of justice is going to say no way, sir, no way, no[,] we're going to look at what was proven, not painted ... But to suggest that somebody else close to the defendant, and let's talk about that individual, a

---

1. In his opening statement, the prosecutor told the jury that "one vital piece of evidence was found at the scene ... a piece of rope ... that had been in the defendant's possession."

2. Even if an improper comment is made by a prosecutor, reversal of the judgment of conviction is warranted only upon a showing of substantial prejudice to the defendant. *State v. Bernier*, 486 A.2d 147, 149 (Me.1985).

person who characterizes himself as a friend ... a person that the evidence shows visited the defendant in jail, a person, frankly, ladies and gentlemen, if you wanted to give a careful analysis to his testimony ... hedged to the defendant's advantage....

Ammerman objected to the prosecutor's statement on the ground that it implies that he did something morally wrong by accusing his friend of the crimes. We agree that the comments were borderline in that the prosecutor went beyond merely attacking the sufficiency of the evidence supporting Ammerman's defense. In any event, the trial court's refusal to give a curative instruction, if error at all, was harmless error. We find it highly probable that the alleged error did not affect the judgment. See *State v. True*, 438 A.2d 460, 467 (Me.1981).

The entry is:

Judgments affirmed.

All concurring.