MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 92
Docket:      Aro-18-172
Argued:      May 14, 2019
Decided:     June 11, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## FABIEN A. PELLETIER

MEAD, J.

[¶1]  Fabien A. Pelletier appeals from a judgment of conviction entered by the trial court (Aroostook County, *Stewart, J.*) on three counts of gross sexual assault of a person under the age of fourteen (Class A), 17-A M.R.S.A. § 253(1)(B) (Supp. 2002),[1] and two counts of unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C) (Supp. 2002),[2] following jury verdicts of guilty on each offense.  Pelletier contends that the prosecutor committed misconduct during opening statements by telling the jurors that they would hear

---

[1]  Title 17-A M.R.S.A. § 253(1)(B) (Supp. 2002) has since been amended.  P.L. 2001, ch. 383, § 14 (effective Jan. 31, 2003); P.L. 2003, ch. 711, § B-2 (effective July 30, 2004) (codified as subsequently amended at 17-A M.R.S. § 253(1)(B) (2018)).

[2]  Title 17-A M.R.S.A. § 255(1)(C) (Supp. 2002) was repealed and replaced by 17-A M.R.S. § 255-A.  P.L. 2001, ch. 383, §§ 22-23 (effective Jan. 31, 2003) (codified as subsequently amended at 17-A M.R.S. § 255-A (2018)).

inculpatory testimony that was ultimately never elicited at trial. He also argues that the court erred by imposing a sentence within the enhanced range provided by the version of 17-A M.R.S.A. § 1252(2)(A) that became effective on September 29, 1995. We affirm the judgment but remand for resentencing.

## I. BACKGROUND

[¶2] "Viewed in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt." *State v. Olah*, 2018 ME 56, ¶ 2, 184 A.3d 360. From 1993 to 1998, two boys who are related to Pelletier were occasional overnight guests in his home. When the younger boy was ten years old, Pelletier touched the boy's penis; additional sexual assaults occurred during the following weeks, months, and years.

[¶3] In April 2016, the younger boy disclosed the abuse to a counselor and met with a detective. Following the younger boy's disclosure, the older boy spoke with the detective and disclosed that, when he was between the ages of twelve and fourteen, Pelletier had shown him pornographic videos and committed sexual assaults against him.

[¶4] Pelletier was charged by criminal complaint with three counts of gross sexual assault (Class A), 17-A M.R.S.A. § 253(1)(B), and two counts of unlawful sexual contact (Class C), 17-A M.R.S.A. § 255(1)(C). An indictment for

the same charges was returned on September 19, 2016. The indictment alleged that Pelletier had committed the crimes "[o]n or about between October 30, 1993 and September 18, 1998, in Wallagrass, Aroostook County, Maine."[3]

[¶5] The court conducted a two-day jury trial on April 9 and 10, 2018. In his opening statement, having summarized information that he expected to elicit as testimony from persons who would be witnesses for the State, the prosecutor told the jurors, "you're going to hear this testimony and you're going to hear that once it came out, [the younger boy] finally told his mother; and his mother, in reaction, confronted [Pelletier], and confronted him with what her son and [the older boy] had said had happened. And [Pelletier]'s response was, don't worry, it won't happen again."

[¶6] The State called both of the boys to the stand, and each testified to having been sexually abused and assaulted by Pelletier when he was younger than age fourteen. After the boys testified, the State rested without the younger boy's mother taking the stand. The jury returned guilty verdicts on all counts.

---

[3] "[I]f the victim had not attained the age of 16 years at the time of the crime, a prosecution for . . . unlawful sexual contact . . . or gross sexual assault . . . may be commenced at any time." 17-A M.R.S. § 8(1) (2018).

[¶7]  On April 26, 2018, the court held a sentencing hearing.  The court explained that pursuant to the law in effect at the time of Pelletier's crimes, the court could not impose a sentence in excess of twenty years unless Pelletier's offenses were among the most heinous and violent crimes committed against a person.  The court further stated that heinousness was the court's finding to make.  It then found that Pelletier's crimes were heinous and thus were "the types of crimes that when setting a base sentence would be in excess of 20 years."  The court set a base sentence in the range of twenty years and a day to twenty-five years and ultimately sentenced Pelletier to twenty-four years, all but sixteen years suspended, with probation for six years.

[¶8] Pelletier timely appealed and applied for review of his sentence. *See* 15 M.R.S. §§ 2115, 2151 (2018); M.R. App. P. 2B(b)(1).  The Sentence Review Panel granted Pelletier leave to appeal from his sentence, *see* 15 M.R.S. § 2152 (2018), permitting the discretionary sentence appeal to be considered as part of Pelletier's direct appeal from the judgment of conviction, *see* M.R. App. P. 20(g), (h); *see also State v. Pelletier*, No. SRP-18-171 (Me. Sent. Rev. Panel July 19, 2017).

## II. DISCUSSION

### A. Prosecutorial Misconduct

[¶9] Pelletier first argues that "[t]he prosecutor engaged in misconduct that prejudiced Pelletier when he alluded to a supposed confession of Pelletier in his opening statement without ever presenting any testimony to support that contention." Because Pelletier did not object at trial to what he contends on appeal was prosecutorial misconduct, we review for obvious error. *See State v. Nobles*, 2018 ME 26, ¶ 21, 179 A.3d 910; *State v. Rainey*, 580 A.2d 682, 686 (Me. 1990); M.R.U. Crim. P. 52(b). "To demonstrate obvious error, the defendant must show that there is (1) an error, (2) that is plain, and (3) that affects substantial rights. Even if these three conditions are met, we will set aside a jury's verdict only if we conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings." *State v. Lajoie*, 2017 ME 8, ¶ 22, 154 A.3d 132 (citation and quotation marks omitted).

[¶10] "It is improper for an attorney to refer to any testimony or to assert any facts in his opening statement unless, in good faith, he reasonably believes that supporting evidence will be offered and admitted at trial." *State v. Bernier*, 486 A.2d 147, 149 (Me. 1985); *see also Rainey*, 580 A.2d at 686-87 (holding that there was no error in a prosecutor's reference during opening statements to a

6

fact later found to be inadmissible when "the prosecutor had a reasonable belief that the testimony would be offered and admitted at trial"). As the Supreme Court of the United States has recognized, "[m]any things might happen during the course of the trial which would prevent the presentation of all the evidence described in advance." *Frazier v. Cupp*, 394 U.S. 731, 736 (1969).

[¶11] Here, the State indicated in its opening statement that the younger victim's mother would testify; however, during the presentation of its case-in-chief, after the prosecutor stated that the mother would be the State's next witness, the court took a recess. Following the recess, the State rested. The record does not contain an explanation as to why the State did not call the mother as a witness as it had planned. *See* M.R. App. P. 5(a). Pelletier contends that the State "made a tactical decision not to call the mother as a witness in its case-in-chief, though she was the only witness who could establish— theoretically—what Pelletier told her. The State's choice to reference Pelletier's supposed admission in its opening, therefore, was not made in good faith." However, by not offering any record evidence to show that the State knew at the time the prosecutor made the statement during his opening that it would not call the mother as a witness, Pelletier has failed to establish that the State lacked a good faith belief that the mother would testify as it expected. *See*

*State v. Gordon*, 321 A.2d 352, 366 (Me. 1974). Consequently, Pelletier has not demonstrated obvious error.

B.     Sentencing

[¶12] Next, Pelletier challenges the process used by the sentencing court, arguing that his right to a jury trial was violated when the court enhanced the penalty for Pelletier's crime beyond what was statutorily authorized after finding an additional fact not pleaded and proved to the jury.[4]  The State concedes and joins the request to remand the matter for resentencing at which time it confirms that it will not seek a sentence beyond twenty years.[5]

The entry is:

> Sentence vacated. Judgment affirmed in all other respects. Remanded for resentencing.

---

[4]  Pelletier also challenges his sentence by arguing that the court abused its discretion in considering subjective victim impact when setting his basic term of imprisonment. *See* 17-A M.R.S. § 1252-C (2018). "In determining the basic term the court is not to consider the subjective impact of the crime on the victim but it may take into account objective factors." *State v. Reese*, 2010 ME 30, ¶ 18, 991 A.2d 806. Contrary to Pelletier's contention, the record demonstrates that the court stated the facts that it was considering in setting the base sentence and those facts appropriately focused on the objective nature of Pelletier's conduct.

[5]  At oral argument, the State further acknowledged that it had not pleaded any sentencing enhancement factors.

Tina Heather Nadeau, Esq. (orally), The Law Office of Tina Heather Nadeau, PLLC, Portland, for appellant Fabien Pelletier

Todd R. Collins, District Attorney (orally), and James Mitchell, Asst. Dist. Atty., Prosecutorial District No. 8, Caribou, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2016-20258
FOR CLERK REFERENCE ONLY